# CASES ARGUED AND DECIDED

### IN THE

# SUPREME COURT OF MISSISSIPPI,

### AT THE

# MARCH TERM, 1907.

---

CITY OF VICKSBURG *v.* MARGARET RICHARDSON.

[42 South., 234.]

MUNICIPALITIES. *Sewerage. Nuisances.*

> A city is liable for damages if it fail, after notice, to prevent private sewage being emptied into the gutters along the sides of its streets whereby offal is carried to and collected on a vacant lot, creating a nuisance and rendering a near-by dwelling house uninhabitable.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Mrs. Richardson, the appellee, was plaintiff in the court below; the City of Vicksburg, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The suit was for damage to plaintiff's property on which she resided, on the ground that it had depreciated in value by reason of the discharge, from the gutters constructed by the city for the purpose of carrying off surface or drainage water, of sewage matter from the residences of adjacent property owners,

1

emptied into these surface gutters without authority, and that the odor from this matter, deposited near plaintiff's residence at the foot of a hill, became so offensive as to render the premises untenantable, and that the city by permitting and sanctioning this unlawful use of its gutters, over the protest of the plaintiff, became responsible for the nuisance committed and liable for damages. The city contended that since the purchase of the property by the plaintiff no connection of a private sewer had been made with its gutters, that the water which flowed from the gutters emptied in exactly the same place it would have flowed naturally had the gutters not been constructed, that the city had by no affirmative official act permitted any person to discharge objectionable matter into its gutters, and that the city was without authority to protect plaintiff in the premises; that, if any objectionable matter was discharged into its gutters, it was done by persons unknown to the city officials, and came from sources unascertainable. The court instructed peremptorily for plaintiff, and the jury assessed her damages at $500.

*Anderson & Voller,* for appellant.

*Hudson & Fox,* for appellee.
[The Reporter has been unable to find the briefs of counsel in this case; they were lost or withdrawn from the record before it came to his hands.]

CALHOON, J., delivered the opinion of the court.
Before the construction of gutters the offal of residences, it seems, was either received by private sinks in the ground for that purpose, or thrown on the lots and dried by the winds and desiccated by the sun, or pursued its descent by gravitation on the several lots on the lines of least resistance, so as not to be a nuisance. The city, as it had the right to do, constructed gutters along the sidewalks to collect and carry off the surface

water, and these ended at and emptied on a vacant lot adjoining the residence of appellee; both being at the bottom of a sharp declivity. This is not complained of. But residents along the line of the gutter made connection with them for their sinks and water-closets, so that the vacant lot of ultimate deposit emitted such a stench that appellee could not reside on her property or occupy her home in the summer time, and the nuisance depreciated the value of her property. The city officers were repeatedly notified of this, but took no steps to remedy the evil. If the city had regular sewerage, it could not, without liability, so debouch its contents, and it cannot permit connection of private sewerage with its gutters to effect the same injury. *Demby* v. *City of Kingston,* 133 N. Y., 538, 30 N. E., 1148; *City of Zanesville* v. *Fannan,* 53 Ohio St., 605, 42 N. E., 703, 53 Am. St. Rep., 664; Am. Dig. (Cent. Ed.), vol. 36, col. 2603; 29 Am. St. Rep., 741—all cited in the brief of counsel. A municipality cannot avoid its ministerial duty to prevent befoulment of its own gutters after notice of the nuisance so created.

*Affirmed.*