*4*

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1918.

CRAWFORD *v.* TOWN OF D'LO.

[80 South. 377, Division B.]

MUNICIPAL CORPORATIONS. *Maintenance of hog pound. Liability.*
It was wrongful and actionable negligence for a city to build a hog pound or pen on its own property, within twelve feet of plaintiff's residence and to leave a dead pig in such pen after due notice of its death.

APPEAL from the circuit court of Simpson county. HON. H. H. HUGHES, Judge.

Suit by Miss Emma Crawford against the town of D'Lo. From a judgment for defendant, plaintiff appeals. The facts are fully stated in the opinion of the court.

*J. P. Edwards,* for appellant.

The demurrer is on the theory that the town cannot be rendered liable for the torts of its officers or agents.

This is not the case where plaintiff seeks to hold liable a municipal corporation for the acts of its agents or officers, except where such acts are wilful, and ratified by such corporation.

The declaration charges that the pen was built by the town on property owned by it, and that it was built within about twelve feet of the dining room of plaintiff over her protest, and that as soon as the hog died, she notified the mayor of said town and requested its removal and that her request was ignored and as a result, the damages came.

It is our contention that the municipality, as to its liability in this case, is governed by the same rules of law as would be a private citizen and in support of this theory we beg to submit the following authority: "The liability of a municipality for negligence in the management of a public service manufacturing plant which it operates is determined by the same rules that apply to individuals and private corporations engaged in like business." *Yazoo City* v. *Birchett,* 89 Miss. 700, 42 So. 569.

"A city will be compelled to respond in damages where it has failed, after notice, to put a stop to the emptying of private sewers into public gutters and the offal from such gutters has gravitated onto a vacant lot, thereby rendering adjacent property uninhabitable." *Vicksburg* v. *Richardson,* 90 Miss. 1, 42 So. 234.

"If the wrongful acts of the municipal officer was authorized by the municipality or after being done was ratified by such municipality the municipality will be liable for such acts." *Shearman et al.* v. *City of Grenada,* 51 Miss. 186.

We respectfully submit that the declaration states a good cause of action and that the demurrer should have been overruled.

*W. M. Lofton,* for appellee.

Appellee, who was defendant in the court below, demurred to said declaration and assigned four causes in support of said demurrer, and the court having

sustained said demurrer and appellant declining to amend said declaration; the suit was dismissed and thus it comes to this court on appeal by said plaintiff. All the four causes of demurrer challenge the right of the said plaintiff to look to the defendant, the town of D'Lo, for redress on the facts stated in the declaration. If the plaintiff has any cause of action, it is against the marshal and not the town of D'Lo. Counsel, for appellant, in his brief, has cited the case of *Yazoo City* v. *Birchett,* 89 Miss. 700, 42 So. 569. In the case cited, Yazoo City had embarked in the telephone business, owning and operating same for profit, and under those conditions, this court held that it was liable, or not liable, by the same rules applicable to private corporations conducting such an enterprise. In the operation of the telephone it was exercising a special or private corporate purpose, for the accomplishment of which it acted not through its public officers as such, but through agents or servants employed by it. This is a very different proposition from the case on trial. In the latter, the town of D'Lo passed the ordinance, and the enforcement of said ordinance was committed entirely to the marshal of said municipality, who is a public officer, required to make an official bond, and whose duties are fixed and limited by law. See paragraph 2, page 1257, Vol. 28, Cyc. In the latter case, the municipality is not liable, because its functions are governmental and political. So, we contend, the case cited has no application.

Learned counsel for appellant also cites the case of *Mayor, etc., of Vicksburg* v. *Richardson,* 90 Miss. 1, 42 So. 234. We are at a loss to understand how this case can help the plaintiff in the court below and appellant here. That was a suit by *"Margaret Richardson* v. *Mayor and Aldermen of Vicksburg"* and not against the city of Vicksburg. This is the way that the

case appears to us, but if it be .contended that the suit was against the city of Vicksburg, then it is still not a parallel case for several reasons.   In the first place, the suit is not shown to have been predicated upon an ordinance, showing how the statute on the subject should be enforced, and in the second place, there is no such point made. The town of D'Lo had passed an ordinance and committed its enforcement· to the marshal, and if said marshal had performed his duties as such, and as required by said ordinance, the said appellant would have no cause of action such as is alleged in her declaration. If the declaration states a case of liability, certainly the marshal and his bondsmen are primarily liable.   Then what would be the wisdom in permitting the appellant to prevail in this controversy?   If the appellant should prevail, then there would be another case of the town of D'Lo against the marshal and his bondsmen, and it has always been the policy of the law to avoid circuity of action.

The very able and accomplished counsel for appellant cites the case of *Sherman* v. *City of Grenada,* 51 Miss. 186.   What comfort he can get out of this case, I am unable to understand.   This case simply holds that a munincipal corporation ''cannot be made liable for the illegal acts of its officers and agents, unless these .acts are done under its authority previously conferred, or one subsequently ratified.''

To further support our contention, we cite the case of *Sutton & Dudley* v. *Board of Police of Carroll County,* 41 Miss. 236.   This case is directly in point and was an action brought by appellants to recover damages for injuries sustained by them by reason of a bridge and public highway in Carroll county being out of repair.   The question for adjudication was whether the board of police was responsible for the in-

jury and the court decided in the negative. In passing upon this case, the court also held that the county acting through its board. of police was performing some of the functions of a municipal corporation, and was governed by the law on that subject. We make this observation to show the applicability of this case to the case under consideration. We quote from that case. On page 239, the court uses the following language:

"Private corporations are responsible for the tortious acts of their agents. But generally this is not the case with municipal corporations; and especially is it not so where the persons have been appointed by the corporation in obedience to statutory provisions, and where their duties are prescribed by law, and with penalties for their non-performance. In such cases, the duty of the person is to the public and not to the corporation which appointed him; he is a public servant and not the agent of the corporation. He is the person to whom the duty intended to be performed is committed by law. The duty of the corporation or civil tribunal is to appoint the person who shall become responsible to the public for the performance of the particular public service," etc.

Before concluding this brief, we wish to call the attention of the court to one other question. The declaration charges that the dead hog had been impounded by virtue of an ordinance passed by the mayor and board of aldermen of the said town of D'Lo, but there is no copy of said ordinance attached to the said declaration, and this court has said, that it will not take judicial notice of town ordinances. See *Naul* ıv. *McComb City,* 70 Miss. 699, 12 So. 903.

The demurrer of the defendant admits that there was such an ordinance, but says that its enforcement was committed to the marshal of said town. As stated

in Cause No. 2 of the demurrer the plaintiff makes said ordinance the basis of her suit. If this court should hold that it has no evidence of such an 'ordinance, then the judgment of the lower court must be affirmed.

Then again, if this court should hold from the pleadings in this cause, and we do not think that it can so hold, that there was and is such an ordinance, then we submit that it must likewise hold that its enforcement was committed to the marshal of the said town. Then, and in that event, the judgment of the lower court must be affirmed for the reason that under those conditions, the town is not liable, but that the plaintiff below and appellant here must look to the marshal and his bondsmen for redress.

The authorities herein cited show that the court below reached the right result and so we submit in confidence that its judgment will be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Miss Emma Crawford files suit against the town of D'Lo, alleging that she was the owner of a place in the town of D'Lo, and that the municipality of D'Lo in March, 1917, through its board of mayor and aldermen, passed an ordinance preventing swine or hogs from running at large, and soon thereafter built a small pen or pound within the corporate limits of said municipality and about twelve feet from the residence of the plaintiff, on a small plot of ground owned by the municipality, over the protest of the plaintiff, and that in March, 1917, the officers of said municipality impounded a hog in said pound or pen, which hog was at the said time sick with some disease and died, and was not removed from said pound by the municipal authorities, though notified that the said hog was dead and requested to move same, and that it remained on

said lot near said plaintiff's residence for about four days, and that it made such offensive odors as were almost unbearable, and caused plaintiff to be uncomfortable, and the said odors were offensive and nauseating, causing plaintiff great discomfort and bodily suffering and great mental anguish, so much that she was made sick thereby; that she protested against the impounding of said animal in said pound on account of its distance from her residence, and almost immediately after said animal died she notified the mayor of said municipality of the death of said animal and requested its immediate removal, but that her said request was willfully ignored, and said request was again and again made to said mayor, but the dead animal was suffered to remain for a period of ninety-six hours. She brought suit for one thousand dollars damages. The town filed a demurrer to the declaration on the following grounds: First, the declaration shows that the pen or pound mentioned was built or caused to be built in conformance with an ordinance passed by the mayor and board of aldermen; second, the declaration made said ordinance the basis of plaintiff's suit, and that the defendant is not liable for the reason that the enforcement of said ordinance is committed to the marshal of the municipality; third, because the municipal corporation, being a governmental agency, is not liable for damages sustained by the tort of any of its officers or agents, unless it is made so by its charter or some statute to that effect, which is not true in this instance; fourth, because a municipal corporation cannot be held liable for the acts or omissions of its marshal, who is a public officer and whose duties are public and fixed and limited by law.

The court sustained the demurrer, and final judgment was entered for the town, from which judgment this appeal is prosecuted. We think it is a settled law

in this state that the municipality is liable for damages in cases of this kind if it fail to remove the cause of the nuisance after due notice. In the case of *Vicksburg v. Richardson,* 90 Miss. 1, 42 So. 234, it is stated that a city is liable for damages if it fail after notice to prevent private sewerage being emptied into the gutters along the sides of its streets whereby the offal is carried to a vacant lot, creating a nuisance and rendering a nearby dwelling house uninhabitable. In that case the same kind of damage was done as in this case; the offensive odors rendering the dwelling uninhabitable. In that case the court said:

"The city officers were repeatedly notified of this, but took no steps to remedy the evil. If the city had regular sewerage, it could not, without liability, so debouch its contents, and it cannot permit connection of private sewerage with its gutters to effect the same injury. [Cites authorities.] A municipality cannot avoid its ministerial duty to prevent befoulment of its own gutters after notice of the nuisance so created."

It will be noted that the nuisance in the present case was caused by the town from the use of its own property; the animal dying being impounded on the property of the town through the act of the town over the protest of the plaintiff. It was wrongful and negligent to build the pound or pen so close to the plaintiff's residence, and it was actionable negligence to fail to remove the dead animal after notice of its death. It follows that the judgment must be reversed, and the cause remanded for a new trial.

*Reversed and remanded,*