THOMPSON *et al. v.* CITY OF PHILADELPHIA.

(Division B. Nov. 29, 1937.)

[177 So. 39. No. 32913.]

Williamson & Riddell, of Meridian, for appellants.

**W. H. Sandford, Jr.**, of Philadelphia, and **W. W. Pierce**, of Jackson, for appellee.

194

Argued orally by **Nate S. Williamson**, for appellant, and by **W. W. Pierce**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellants brought this action against appellee, the City of Philadelphia, in the circuit court of Neshoba county to recover special damages alleged to have been suffered by them because of the ''improper sewer disposal on the part of said city through, on and over considerable acreage owned by the appellants and partly situated within the city of Philadelphia.'' There was a verdict and judgment for appellee, from which appellants prosecute this appeal.

The City of Philadelphia has a sewerage system that

serves part, but not all, of the territory within the municipality; the western part of the city is unserved. Appellants own a body of farm and pasturage land, the principal part of which adjoins the corporate limits of the city on the south. There is a main residence on this land and houses occupied by tenants. Only fifteen or twenty feet from where appellants' land adjoins the city limits on the south there is a septic tank erected and maintained by the city in connection with its sewerage system. The western part of the city is served by surface closets generally located on natural drains, or ditches leading into natural drains. These drains and ditches emptied into a natural watercourse which ran in a southerly direction through appellants' land. The city sewage from the septic tank likewise flowed into this natural watercourse. In recent years the city, in conjunction with some federal agency, has straightened and channeled the watercourse, since which time this channel has served the same purpose.

Appellants' testimony tended to show that this drainage through their land caused offensive odors, rendered the water unfit for livestock use or any other purpose, and that the channel overflowed at times, damaging the land for pasturage purposes, and that these conditions had resulted also in damage to the value of the land. The testimony for the city was to the contrary—that appellants had suffered no damage whatever, either in the value of the land or in its use. It was therefore a question for the jury as to whether appellants had suffered any special damages as the result of the maintenance of this drainage system by the city. The court committed no error, therefore, in refusing appellants' request for a directed verdict on the issue of liability.

What has been said in this respect, however, has no application to any decrease in the value of the land which took place before appellants became the owners of it. They inherited the land from their father, who died in 1924. The evidence tended to show that to a large ex-

tent the same conditions existed then that have existed since, and that either the whole or a part of the decrease in the value of the land took place then. If appellants had a case, such damage was not a part of it. "The heir could not, nor could the executor or administrator, under the common law, sue at law for damages done by trespass committed during the lifetime of the ancestor on the lands of the ancestor." Conklin v. Ry. Co., 81 Miss. 152, 32 So. 920. In that respect the heirs are in the same category as a purchaser of land; the purchaser gets the land only and not any right of action for former trespasses. Blodgett v. Seals, 78 Miss. 522, 29 So. 852; Leavenworth v. Hunter, 150 Miss. 750, 117 So. 122; Masonite Corp. v. Burnham, 164 Miss. 840, 146 So. 292, 91 A. L. R. 752.

Appellants complain of the following instruction given for the city: "The court instructs the jury for the defendant, that you cannot find for the plaintiffs in any sum, or sums, whatever, unless the jury believe from a preponderance of the evidence, that the wrongs and injuries, if any, complained of in plaintiff's declaration, was caused by the negligent construction and maintenance of a sewerage system by the defendant in the City of Philadelphia."

The criticism is that it presents an issue that is not involved in the case so far as liability in concerned; that the city, if it has caused the appellants special damages, is liable, regardless of whether the sewerage system was negligently constructed and maintained. Section 17 of the Constitution is controlling; it provides, among other things, that "private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof;" and it applies to the state, as well as all of its political subdivisions, including municipalities, and regardless of whether the taking or damaging is in the exercise of governmental action or not. Hodges v. Town of Drew, 172 Miss. 668, 159 So. 298; City of Vicksburg v. Herman, 72

Miss. 211, 16 So. 434; City of Laurel v. Rowell, 84 Miss. 435, 36 So. 543; Thompson v. Winona, 96 Miss. 591, 51 So. 129, Ann. Cas. 1912B, 449; Illinois Central R. Co. v. State, 94 Miss. 759, 48 So. 561; Covington County v. Watts, 120 Miss. 428, 82 So. 309; Morris v. Covington County, 118 Miss. 875, 80 So. 337; Jackson v. Monroe County, 124 Miss. 264, 86 So. 769; Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452; City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160; City of Vicksburg v. Richardson, 90 Miss. 1, 42 So. 234; City of Vicksburg v. Porterfield, 164 Miss. 581, 145 So. 355.

In the Town of Drew Case the plaintiff based his ground of recovery upon the alleged improper and negligent maintenance of a septic tank connected with the town's sewerage system. He claimed special and different damage not common to the general public. That is also true in the case at bar. However, liability does not depend on improper construction and maintenance. The city is liable for any special and different damages suffered by appellants, not common to the general public, caused by the construction and maintenance of its sewerage system whether properly constructed and maintained or not. In other words, the liability under section 17 of the Constitution is not dependent on negligence but on the taking or damaging.

It follows that the instruction complained of was erroneous; it presented a false issue and was calculated to mislead the jury.

Reversed and remanded.