**W. A. RILEY, Plaintiff,**

v.

**Robert ATKINSON et al., Defendants.**

**No. EC 75–156–S.**

United States District Court,
N. D. Mississippi, E. D.

Dec. 26, 1975.

Joseph E. Winston, Parker, Averill & Winston, P.A., Tupelo, Miss., for plaintiff.

Armis Hawkins, Houston, Miss., for defendants.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

The parties have presented memoranda in accordance with the rules of the court and the matter is now ripe for decision.

The court should not sustain a motion to dismiss for failure to state a claim "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim". *Des Isles v. Evans*, 200 F.2d 614, 615–16 (5th Cir. 1952), quoting from 2 Moore's Federal Practice, 2d Ed., § 8.13 at 1653; *Thompson v. Allstate Ins.*

*Co.*, 476 F.2d 746, 749 (5th Cir. 1973); *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80, 84 (1957).

In considering the merits of the motion, the court must look to the complaint and cannot consider matters aliunde the record.

The complaint states that plaintiff, on April 10, 1937, purchased certain land in Lee County, Mississippi from Mrs. Margaret Walker; that the deed by which plaintiff acquired the property excluded from the conveyance the right-of-way of a road running east and west across the land; and that plaintiff occupied land south of the road until 1969 when the Richardson family, landowners in Chickasaw County, took possession thereof.

The complaint reflects a history of litigation in the state courts over the title to the disputed land. The Richardsons filed suit in 1947, but the disposition of the action is not set forth in the complaint. When the Richardsons invaded plaintiff's possession in 1969, plaintiff filed suit in the Chancery Court of Chickasaw County to confirm his title.

The Mississippi Supreme Court on a consideration of the case on appeal held that it was unable to determine the line between the property of the litigants and sympathetically observed "[the parties] are shouldering an expensive responsibility that could very well rest upon the respective counties". *Riley v. Richardson*, 267 So.2d 901, 904 (Miss.1972).

The complaint alleges that defendant, Chickasaw County Board of Supervisors (hereinafter "the Board"), acting as the governing authority of the county, established a public road over the disputed land without obtaining a right to do so. Plaintiff claims that such action constitutes a taking of his property without due process of law, and, because of the great expense entailed in locating by property survey the division line between the counties, he has been denied the equal protection of the law. The complaint also alleges that the Board has taken his land without authority, the land being situated in Lee, rather than Chickasaw County. Plaintiff seeks a per-

manent injunction mandatorily enjoining the Board to establish the true division line between the counties. Plaintiff also seeks an injunction restraining the Board from trespassing on his land, monetary damages, and attorney's fees.

Fed.R.Civ.P. 8(a)(1) provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends". In compliance with this requirement, plaintiff sets forth in the complaint that this court has jurisdiction of the cause of action by virtue of 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Plaintiff has sued the Board of Supervisors of Chickasaw County, as a governmental body which is charged with the legislative and administrative authority to govern the county, including, but not limited to, the authority to acquire, construct, and maintain public roads within the county. While the members of the Board are named defendants in the action, a fair construction of the complaint leads to the inevitable conclusion that the Board as a governmental body is the defendant rather than board members, individually, in their personal capacities.

The Board is not such "a person" as will bring it within the coverage of Section 1983, for either the assessment of damages or for injunctive relief. *City of Kenosha v. Bruno*, 412 U.S. 507, 513–14, 93 S.Ct. 2222, 2227, 37 L.Ed.2d 109, 116 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

The court finds that it does not have jurisdiction of the action sub judice under either Section 1983 or Section 1343.

Plaintiff seeks to settle jurisdiction of the action on the court upon the basis of the provision of the Fifth Amendment to the Constitution of the United States which states "nor shall private property be taken for public use, without just compensation" and upon the basis of the Due Process Clause of the Fourteenth Amendment.

The constitution and laws of the State of Mississippi afford ample recourse for plain-

tiff against the Board for any damages which he may have sustained by virtue of the taking of his property for the public use. Section 17, Article 3, Mississippi Constitution of 1890. *Thompson v. City of Philadelphia*, 180 Miss. 190, 177 So. 39 (1937); *King v. Vicksburg Ry. & Light Co.*, 88 Miss. 456, 42 So. 204 (1906).

The provision of the Fifth Amendment upon which plaintiff relies bears only upon the exercise of powers of the United States Government, and affords no ground for relief against the State or the County Board of Supervisors. *Fallbrook Irrigation Dist. v. Bradley*, 164 U.S. 112, 158, 17 S.Ct. 56, 63, 41 L.Ed. 369, 388 (1896); *Withers v. Buckley*, 61 U.S. 84, 20 How. 84, 15 L.Ed. 816 (1858); *Gulf & S. I. Ry. v. Duckworth*, 286 F. 645 (5th Cir. 1923).

Plaintiff has cited no authority, and the court has been able to locate none, supporting the proposition that plaintiff has a federally protected right to have the Board of Supervisors locate and establish the true division line between Chickasaw County and Lee County.

The court concludes that it does not have jurisdiction of the action sub judice and that the motion to dismiss is well taken and should be sustained.

An appropriate order will be entered.