CARLTON, J.,
for the Court:
¶ 1. Donald and Natalie Robohm appeal Jackson County Circuit Court’s grant of summary judgment in favor of Gulf Oaks Condominium Association Inc., Wheeler Roofing Inc., and Belfor USA Group Inc. (collectively, Gulf Oaks). The Robohms argue that Gulf Oaks failed to provide them with proper notice of the hearing on the summary-judgment motion, and that the trial court erred in applying the prior-trespass doctrine. Finding no error, we affirm.
FACTS
¶ 2. Marjorie Hatton owned Unit 46 at Gulf Oaks Condominiums in Ocean Springs, Mississippi. Hatton acquired the unit on February 25, 1994. Hatton’s daughter, Natalie Robohm, possessed power of attorney over Hatton’s affairs. Natalie and her husband, Donald Robohm, stated that they also paid premiums for a condominium owners’ insurance policy through Gulf Oaks Condominium Association.
¶ 8. In 2005, Hurricane Katrina ravaged the Gulf Coast and destroyed the condominiums. Gulf Oaks hired Belfor USA Group[1] and Wheeler Roofing to make repairs to Unit 46. The repairs were completed in August 2007. When Hatton passed away in September 2007, the unit was transferred to Natalie by deed. The Robohms decided to sell the unit, and listed it with realtor Chester Harvey. The Robohms stated that even after completion of the repairs to the condominiums in August 2007, the unit still leaked water and had multiple construction issues. As a result, the Robohms lost a contract for the sale of the unit.
¶ 4. Harvey tried to show the unit again in October 2007, but discovered holes knocked in the sheetrock, carpets and padding pulled up, and industrial floors fans left on the floor. The Robohms learned that the roof had leaked again, causing damage to the unit. In January 2008, a routine inspection of the unit revealed that the hardwood floors on the first floor were completely destroyed by water intrusion and needed to be replaced. In May 2008, the roof leaked again, causing further damage to the walls and floor. In June 2008, while again attempting to show the unit, Harvey discovered that a sewer backup caused black sludge to coat the first floor bathroom and foyer. The Robohms stated that in August 2008, another roof leak damaged the walls and floors.
¶ 5. In October 2008, the Robohms filed suit against Gulf Oaks, alleging breach of duty, negligent and wanton conduct, breach of warranty, breach of implied warranty of habitability, breach of implied warranty of merchantability, and vicarious liability. The complaint specifically alleged that in “August of 2007 the [Ro-bohms] discovered that there were several defects with regard to the constructive repairs causing water to leak into space between the first floor ceiling and the second floor.” After lengthy litigation and numerous inspections, Gulf Oaks filed its motion for summary judgment on June 30, 2011, arguing that the Robohms lacked standing to bring their actions. Wheeler argued that because the Robohms did not own the unit at the time of the alleged negligent construction, and since they did *175 not acquire a cause of action with the transfer of ownership from Hatton to Natalie, then the trial court should dismiss the complaint pursuant to the prior-trespass doctrine.
¶ 6. The trial court scheduled a hearing on the motion to be held on August 18, 2011. The Robohms submit that they learned about Gulf Oaks’ motion on the day before the hearing, claiming that they failed to receive Gulf Oaks’ electronic-only service of the motion for summary judgment.
¶ 7. After a hearing on the motions, the trial court found that the prior-trespass doctrine indeed applied and entered an order on August 29, 2011, granting summary judgment in favor of Gulf Oaks. The Robohms filed a motion to reconsider, which the trial court denied. This appeal followed.
STANDARD OF REVIEW
¶ 8. This Court applies a de novo standard of review to a trial court’s grant of summary judgment. Busby v. Mazzeo, 929 So.2d 369, 372 (¶8) (Miss.Ct.App.2006). Mississippi Rule of Civil Procedure 56(c) provides that summary judgment is proper where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” When considering a motion for summary judgment, the trial court must view all evidence in a light most favorable to the nonmoving party. Busby, 929 So.2d at 372 (¶ 8). Only when the moving party has met its burden of demonstrating that there are no genuine issues of material fact in existence should summary judgment be granted. Tucker v. Hinds Cnty., 558 So.2d 869, 872 (Miss.1990).
DISCUSSION
¶ 9. The Robohms argue that the trial court erred in granting summary judgment in favor of Gulf Oaks, asserting that the trial court’s reliance on the prior-trespass doctrine was misplaced. Gulf Oaks counters that since Hatton was alive when her unit was rebuilt, then Natalie, as an individual, lacks standing to pursue recovery on behalf of Hatton and/or Hatton’s estate. However, the Robohms argue that Natalie possesses standing to bring the action since Hatton granted Natalie power of attorney during the negligent construction of the condominium.
¶ 10. In its order granting summary judgment, the trial court found no genuine issue of material fact, stating:
It is undisputed that at the time of the alleged damage to the property and at the time the causes of action accrued, the [Robohms] did not own the property in question. At the time the damage accrual of the action [sic], the property was owned by [Hatton], and thereafter, [Hatton’s] estate. The [c]ourt find that [the Robohms] were fully aware of the condition of the condominium and the damages sued upon prior to the date [on] which Natalie Robohm acquired ownership. The [c]ourt notes all of the facts alleged in the complaint occurred prior to Natalie Robohm’s receipt of a deed to the property.
It is undisputed that there had been no written assignment or other purported assignment of a claim from [Hatton] or her estate to the Robohms. The court agrees with [Gulf Oaks’] position that the prior[-]trespass doctrine applies and that the [Robohms] do not own the causes of action and have no standing to pursue these claims.
¶ 11. “Under the doctrine of ‘prior trespass,’ the deed to land does not implic *176 itly convey any right of action for trespasses or property damage that occurred prior to the transaction. However, a ‘trespass action can be explicitly assigned by the seller of land.’ ” Patterson v. Holleman, 917 So.2d 125, 137 (¶ 38) (Miss.Ct.App.2005) (internal citation omitted) (citing Flowers v. McCraw, 792 So.2d 339, 342 (¶¶ 8-9) (Miss.Ct.App.2001)). We find the Mississippi Supreme Court’s opinion in Thompson v. City of Philadelphia, 180 Miss. 190, 190, 177 So. 39, 40 (1937), especially instructive on this particular issue. In Thompson, the appellees sued the City of Philadelphia for the decrease in the value of their land based on improper sewage disposal by the City. The appellees inherited the land from their father, who died in 1924, and the supreme court found that the evidence showed the same conditions that existed before the father’s death and before the appellees’ inherited the land still remained, and “that either the whole or a part of the decrease in the value of the land took place” before the father’s death. Id. The supreme court held:
“The heir could not, nor could the executor or administrator, under the common law, sue at law for damages done by trespass committed during the lifetime of the ancestor on the lands of the ancestor.” In that respect the heirs are in the same category as a purchaser of land; the purchaser gets the land only and not any right of action for former trespasses.
Id. (internal citations omitted).
¶ 12. The Robohms state that Gulf Oaks failed to timely raise the prior trespass doctrine, citing to Mississippi Credit Center v. Horton, 926 So.2d 167, 180-81 (¶¶ 43-44) (Miss.2006), where the supreme court found that an eight-month delay in the assertion of an affirmative defense or right constitutes a waiver as a matter of law. However, in the present case, as the trial court explained in its order, standing is not an affirmative defense. See City of Madison v. Bryan, 763 So.2d 162, 166 (¶ 20) (Miss.2000) (citation omitted) (“ ‘Standing’ is a jurisdictional issue which may be raised by any party or the Court at any time.”). Additionally, the record reflects that the dispositive motions were filed within the time frame set forth by the scheduling order.
¶ 13. Upon reviewing the deed conveying the unit to Natalie, we find no language expressly transferring any right of action for trespasses or property damage that occurred prior to the conveyance. Further, as acknowledged, the trial court found “[the Robohms] were fully aware of the condition of the unit and the damages sued upon prior to the date [on] which Natalie ... acquired ownership. The court notes all of the facts alleged in the complaint occurred prior to Natalie[’s] receipt of a deed to the property.” Accordingly, we find the Robohms lacked standing to bring the present cause of action.
¶ 14. The Robohms also claim that the trial court violated their due-process rights by hearing and granting Gulf Oaks’ motion for summary judgment even though Gulf Oaks failed to properly notice the motion per the Mississippi Rules of Civil Procedure. The Robohms cite to Mississippi Rule of Civil Procedure 5, which explains how to perfect service of process by electronic means.[2] The Ro- *177 bohms argue that they never received the email containing notice of the hearing on the motion for summary judgment. The Robohms submit that since they never received the email, and therefore never sent an acknowledgment of receipt of the email pursuant to Rule 5, then Gulf Oaks could not prove it perfected service per Rule 5.
¶ 15. Gulf Oaks argues that the Ro-bohms appeared at the noticed hearing and presented arguments without objecting the alleged lack of notice. The supreme court has long held that issues raised for the first time on appeal are procedurally barred from appellate review. See Gulf Ins. Co. v. Neel-Schaffer, Inc., 904 So.2d 1036, 1047 (¶ 32) (Miss.2004).
¶ 16. The Robohms argue that they did object to lack of notice through their pleadings. Nevertheless, Gulf Oaks asserts that the Robohms can show no prejudice to the method of notice given and submits that the Robohms have failed to identify any evidence or argument that they were prevented from presenting. Our review of the record also reveals no evidence of prejudice, or even a claim of prejudice, suffered by the Robohms. Further, the trial court’s order states that Gulf Oaks’ motion for summary judgment “was properly noticed for hearing.” See Covington Cnty. v. G.W., 767 So.2d 187, 191 (¶ 8) (Miss.2000) (“[A] violation of due process may only be sustained where the aggrieved party shows ‘substantial prejudice.’ ”).
¶ 17. Finally, the Robohms allege that the trial court erred in approving Gulf Oaks’ submitted order sustaining its motion for summary judgment, which the Ro-bohms allege is “fraught with false statements of fact and improper conclusions of law.” In viewing all of the evidence in a light most favorable to the nonmoving party, we find no merit to the Robohms’ claim. See Busby, 929 So.2d at 372 (¶ 8).
¶ 18. Accordingly, we affirm the trial court’s grant of summary judgment in favor of Gulf Oaks.
¶ 19. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Incorrectly named in the complaint as Bal-for-Beatty Construction.

. Rule 5(b)(1) provides, in pertinent part:
Service by electronic means is complete when the electronic equipment being used by the attorney or party being served acknowledges receipt of the material. If the equipment used by the attorney or party being served does not automatically acknowledge the transmission, service is not complete until the sending party obtains an *177 acknowledgment from the recipient. Service by mail is complete upon mailing.