TOWN OF HAZLEHURST v. MYRA B. MAYES.

$\begin{vmatrix} 84 \\ 95 \end{vmatrix}$ $\begin{vmatrix} 7 \\ 275 \end{vmatrix}$

1. MUNICIPALITIES.    *Streets.    Additional servitudes.    Abutting owner. Compensation.*

   The owner of land abutting on a street, whether he own the fee to the street or it be in the municipality, is entitled to compensation for any additional servitude placed on his property by any use of the street not incidental or necessary to its enjoyment as a street by the public.

2. SAME.    *Lights.    Code 1892, § 2947.    Trimming shade trees.*

   But a municipality may, without compensating the abutting owner under Code 1892, § 2947, giving it full jurisdiction over streets with power to light them, trim trees standing between the sidewalk and the street to any extent necessary to prevent interference with the wires of an electric light plant erected by it.

FROM the circuit court of Copiah county.

HON. DAVID M. MILLER, Judge.

Mrs. Mayes, appellee, was plaintiff in the court below; the town of Hazlehurst was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*J. S. Sexton,* for appellant.

The town of Hazlehurst, being governed by chapter 93 of the Annotated Code, has the power under § 2932, "To grant the right for the erection of telegraph, electric light or telephone poles, posts and wires along and upon any of the streets, alleys or ways of the municipality, and change, modify and regulate the same. But such privilege shall not be exclusive."

Under § 2938, said town has power "to make all needful police regulations necessary for the preservation of good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with public or private property."

Under § 2947 it has power "to exercise full jurisdiction in the matter of streets, sidewalks, sewers and parks; to open

and lay out and construct the same; to repair, maintain, pave, sprinkle, adorn and light the same," of all of which and other powers possessed by this municipal corporation, this court takes judicial notice under § 3038 of said chapter.

In the case of *Mt. Carmel* v. *Shaw,* 155 Ill., 37, the following quotation from the syllabus correctly announces the conclusion of the court, "Shade trees in the public streets of a city are the property of the municipality, and it has complete control over them, and may, therefore, destroy them, when necessary, in the progress of constructing a sidewalk."

By the act of incorporation, the city of Mt. Carmel had "power to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve its streets and sidewalks, and vacate the same."

The town of Hazlehurst, under the municipal code chapter, has all these powers and more. In other words, it has "full jurisdiction in the matter of streets, sidewalks," etc.

In the case of *Village of Hyde Park* v. *Durham,* 85 Ill., the court said: "The corporate authorities are vested with complete control, as is every other municipal corporation, over its streets. They may contract or widen them whenever, in their opinion, the public good shall so require. Property owners purchase and hold subject to these powers, and they have no vested right to deny the widening, contracting or otherwise improving any street."

Shade trees standing in a public street near the line of the sidewalk may be cut down and removed by the municipal officers in pursuance of the authority which the city possesses over its streets and sidewalks." *Chase* v. *City of Oshkosh,* 81 Wis., 313 (29 Am. St. Rep., 898, and note); *Chase* v. *City of Oshkosh,* 29 Am. St. Rep., 903.

*R. N. & H. B. Miller,* for appellee.

Nobody questions the right of the town to erect an electric light plant and string its wires on the streets nor its authority

under the right of eminent domain to condemn the interest of plaintiff in the trees, and to cut them.    But in the case of *Stowers* v. *Postal Telegraph & Cable Co.,* 68 Miss., 559, this court held, "Whether the fee in a street is in the abutting owner or in the public, a municipal corporation cannot authorize a telegraph company to construct its line along a public street without first making compensation to such owner, since the line, being no part of the equipment of the street, but foreign to its use, is an additional servitude."

Adjacent landowners may lawfully use the space between the carriage way and the sidewalks for the growing of trees for ornament or use.    Trees thus situated are in no sense nuisances, but private property specially protected by statute.    *Graves* v. *Shattuck,* 35 N. H., 257; 69 Am. Dec., 536.    The owner of land appropriated as a highway retains his exclusive right in trees and shrubs growing on the land so appropriated for every purpose not incompatible with the public right of way, and he may maintain an action against any individual who, not acting under statutory or official authority, destroys or removes the trees or shrubs standing or growing in the highway, unless they constitute an obstruction, hindrance or annoyance to travelers.    *Phifer* v. *Cox,* 21 Ohio St., 248 (8 Am. Rep., 58).

Judge Cooper, quoting in this case from the case of *Theobold* v. *L., N. O. & T. Ry. Co.,* 66 Miss., 279, says: "There is no difference in right (of an abutting owner) in cases where the owner of the abutting land owned the fee to the center of the street, and those in which the fee was in the public."

The above two cases, together with the case of *Cassedy* v. *Telephone Co.,* 78 Miss., 666, absolutely settles and puts beyond disputation in Mississippi that the stringing of electric wires along a public street and trimming of trees in the sidewalk without first having condemned the property and made compensation to the owner, is an additional servitude, and an invasion of the abutting owner's right, for which he can maintain

damages against the wrongdoer. It matters not what the law may be elsewhere, these cases settle the law of this case in Mississippi.

TRULY, J., delivered the opinion of the court.

The town of Hazlehurst, through its board of mayor and aldermen, decided to construct a municipal waterworks and electric light system. In the construction of this plant it became necessary to establish and locate a system of posts and wires over the streets of the town. In the course of this work the contractor who was installing the plant found that the wires were interfered with by shade trees planted along the sidewalks of the public streets. The difficulty being reported to the municipal authorities permission was granted the contractor and his employes to trim, whenever necessary, all trees which were on the line of the electric light wires. In so doing five shade and ornamental trees located between the sidewalk and the public street in front of appellee's residence were, contrary to her wishes, trimmed, and in consequence thereof their symmetry was marred, and their value as shade trees diminished. For this damage appellee sued, and the jury awarded her a verdict in the sum of $125. The appellant defended on two grounds: First, that the cutting was inflicted by the employes of an independent contractor, and that, therefore, the town was not liable; second, that this was a legitimate exercise of the power of the municipality in pursuance of the authority and jurisdiction granted it by law over the public streets of the town. Appellant asked that these two phases of its defense be presented to the jury by appropriate instructions, but these were by the court refused, and the case was at last submitted to the jury on the sole question of what amount of compensatory damages the appellee was entitled to recover.

The second contention presents the question of prime importance. By § 2947 of the code of 1892 all municipalities in this

state operating thereunder are granted authority "to exercise
full jurisdiction in the matter of streets, to open, lay out and
construct the same; to repair, maintain, pave, sprinkle, adorn
and light the same;" and by section 2964 the additional power
is granted to towns "to provide for the lighting of streets, parks
and public grounds, and the erection of lamps and lamp posts."
The power of municipalities over the streets within their limits
has been the subject of repeated judicial inquiry. In this state
it has been decided that the rule was the same whether the fee
in the highway was vested in the municipality or in the abut-
ting owner, and in either event the rights of the abutting owner
in reference thereto were protected. It has also been held that
the abutting owner was entitled to recover compensation for any
additional servitude which might be placed on his property by
the use of the highway. In *Theobold* v. *Railroad Co.,* 66 Miss.,
279 (6 So. Rep., 230; 4 L. R. A., 735; 14 Am. St. Rep., 564),
the supreme court said that the establishment of a steam railroad
upon the street was such an additional servitude as entitled the
abutting owner in front of whose property the railroad was con-
structed to recover damages, and the application of the same
rule has been announced in reference to both telegraph and
telephone companies. *Stowers* v. *Telegraph Co.,* 68 Miss., 562
(9 So. Rep., 356; 12 L. R. A., 864; 24 Am. St. Rep., 290); *Tel-
ephone Co.* v. *Cassedy,* 78 Miss., 666 (29 So. Rep., 762). The
real rule of right in the premises, as we understand it, is this:
Whether the fee be or not in the abutting owner, he is entitled
to free ingress and egress to his property, and to the customary
use of the street, and has the right to be compensated for any
additional servitude which may be placed on his property by
any use of the highway not incidental or necessary to its full
enjoyment as such by the public. This brings up for decision
the question of what is and what is not a necessary equipment
for the public convenience. In *Gulf Coast Co.* v. *Bowers,* 80
Miss., 581 (32 So. Rep., 114), in an admirably clear and lucid
opinion, Terral, J., after a full collation of all the authorities,

announced that lighting of the streets by the municipality was a reasonable and legitimate exercise of municipal authority, and that the abutting owner was not entitled to recover for the inconvenience or damage occasioned by the location in front of his property of the necessary poles and wires of an electric light company which had been contracted with by the municipality for public lighting. We cannot do better than to quote, as applicable to this case, and to a great degree controlling it, the following language from that opinion: "The authorities are quite uniform that a city or town may light its streets as a means of making them more safe and convenient for public travel. The right to light the town is presumed to have been acquired and paid for, as incident to the right of public passage, when the property was condemned or dedicated for public use. In other words, the taking of the land for use as a street includes not only the right of passage, but of securing a convenient and safe passage; to light it, if you please, for that purpose. It is not a new taking of property for public use, but a completing to that extent of the uses of the first taking by adding appliances included within it, and now constructed by reason of the public need. While the lighting of the streets of a city may be a great convenience to the traveling public, especially under some conditions, the poles, wires, and other necessary appliances for so doing are often a positive inconvenience to the abutting landowner, considered merely as such. But the proprietary rights of the landowner, whether the fee or a mere easement thereon be in the public, are greatly modified by the rights of the public, which is entitled to a free passage over the streets, and to the benefit of lights constructed and operated for that end." It should be noted that the language of the charter there under review was not so broad in its grant of authority as are the statutory provisions hereinbefore quoted, and under which the town of Hazlehurst operated. The reason for the distinction thus clearly drawn between electric light wires and telephone and telegraph wires, though the equipment in each in-

stance is practically the same, is obvious. Lights are convenient, often necessary, to insure the full and complete use by the public of the streets as highways. Lighting is incidental to their use, and therefore the abutting owner is held to have been fully compensated when the highway was originally acquired. But telephone and telegraph systems, while often public conveniences, are not incidental to the use of the streets as highways, and the enjoyment and use of the street as such is not increased by such equipment. All such equipments constitute a diversion of the highway from the purposes for which it was originally designed, and hence are an additional burden on the easement. As said in *Stowers* v. *Telegraph Co., supra,* they "form no part of the equipment of a public street, but are foreign to its use." For any diversion from the original purpose, for any additional servitude imposed by an equipment foreign to its use, for any new or additional taking for public use, or for consequential damages inflicted by an improper use, the abutting owner is entitled to full compensation, because such rights are not presumed to have been acquired by the original taking. But, as the public use is the dominant and controlling interest, the streets may be devoted to any proper use incident to a public thoroughfare, and the adjacent owner must suffer the resulting injury or inconvenience. So that the authorities of a municipality may, when its charter powers permit, on its streets dig drains, lay gas pipes or water mains, construct sewers, or erect posts and wires for lights, because such things and other incidental uses are within the contemplated scope of the dedication of the highways to the public use. Briefly stated, the municipality has the power to make such legitimate use of the highway as is for the benefit of the community at large, and may, without additional compensation to the abutting owner, place any equipments or appliances in the streets which are necessary, convenient, or incidental to their full use and enjoyment as such. *Gulf Coast Co.* v. *Bowers,* and authorities there cited; Elliott's Roads and Streets (2d ed.), sec. 707; Dillon's Mun.

Corp. (4th ed.), 697. If, then, it be true that a municipality having proper charter power is authorized to establish an elec- trict light plant without being liable to the abutting owners for any damages consequent upon such construction and subsequent maintenance, it necessarily follows that it is vested with author- ity to remove from the streets any obstruction of any kind which interferes with the construction of such equipment. And this rule is also based upon the fundamental principle that the rights of the adjacent owners are subordinate to the public in- terest. As the municipality has the right to establish the elec- tric light wires and posts, the citizen's right to maintain trees upon the highways is subordinate and must yield thereto. Keas- bey, Electric Wires (2d ed.), sec. 106; Smith, Mun. Corp., sec. 1311; *Wyant* v. *Telephone Co.* (Mich.), 81 N. W., 928 (47 L. R. A., 497; 81 Am. St. Rep., 155); *Tate* v. *Greensboro* (N. C.), 19 S. E., 767 (24 L. R. A., 671); *Wilson* v. *Simmons,* 89 Me., 242 (36 So. Rep., 380); *Vanderhurst* v. *Tholeke,* 113 Cal., 147 (45 Pac., 266; 35 L. R. A., 267). Cases might arise when, on account of malicious and unnecessary destruction of trees on the sidewalk, the abutting owner can maintain an action for dam- ages against the municipal authorities; but such case is not pre- sented here by either the pleadings or the proof. The whole question has been repeatedly discussed before many tribunals, and the conclusions announced have been arrived at in the great majority of cases. Under the facts disclosed by this record the trees in question, being in front of the residence of appellee and between the public sidewalk and the public highway, in the line of and interfering with the erection of the municipal electric light plant, the authorities of the town of Hazlehurst were vested with power to authorize the contractor to trim them to any degree that might be found necessary, and, in the absence of any charge of malice, willful wrong, or oppression, their ac- tion in this regard will not be reviewed by the courts. It is evi- dent that the trial judge misinterpreted the prior decisions of this court bearing on the question of municipal control over its

highways, and hence committed error in refusing the instruction bearing on this point asked by appellant.

As this is decisive of the case upon its merits we do not consider or decide the other contention presented.

*Reversed and remanded.*