CITY OF LAUREL *v.* HEARN.*

(Division A.   May 17, 1926.)

[108 So. 491.   No. 25405.]

1. EMINENT DOMAIN. *Although city is liable for damages inflicted on abutting property by improper use of streets in providing drains, yet streets may be devoted to any proper use incident to construction and maintenance of public thoroughfare (Constitution 1890, section 17; Code 1906, section 3338 [Hemingway's Code, section 5835]).*

Although, under Constitution 1890, section 17, city is liable for consequences of damages inflicted on abutting property by improper or negligent use of street in providing drains or ditches, yet, under Code 1906, section 3338 (Hemingway's Code, section 5835), streets may be devoted to any proper use incident to construction and maintenance of public thoroughfare.

2. EMINENT DOMAIN. *City held entitled to peremptory instruction in suit against it for injury to abutting property because of ditch in front of property, in absence of testimony showing drain was not necessary, and where negligence in maintaining ditch was neither charged nor proven.*

Where testimony in suit against city for damages to abutting property alleged to have been caused by diverting water through a ditch in front of property does not show that drain was not necessary and convenient for public construction, nor was negligence

in providing and maintaining ditch either charged or proven, *held* that city was entitled to peremptory instruction.

*Corpus Juris-Cyc. References: Eminent Domain, 20CJ, p. 709, n. 68; p. 1211, n. 80.

Appeal from circuit court of Second district, Jones county.

Hon. R. S. Hall, Judge.

Suit by J. W. Hearn against the city of Laurel. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Welch & Cooper,* for appellant.

The court should have granted a peremptory instruction. A fair summary of appellee's own case shows a complaint over the diversion of the flow of surface waters. There is not any intimation that in the diversion any water has been thrown on appellee's property. This is not claimed. The only claim is that the appellant is *carrying in its own ditch on its own property more surface water than would naturally flow there.* It is not going on appellee's property. *It is not ponding in front of his property.* It is ten feet away and not disturbing the sidewalk space. We say that this fixes no liability on appellant; that it and every other owner of land has the right to divert surface water if it is not discharged upon the land of another.

Now what is the basis of liability? Did appellant have the right to divert the flow of surface waters? This court approved this rule in *Harvey* v. *Railroad Co.,* 111 Miss. 835, 72 So. 273. See, also, *Holman* v. *Richardson,* 115 Miss. 169, 76 So. 136; *I. C. R. R. Co.* v. *Miller,* 68 Miss. 760, 10 So. 61; *Sinai* v. *L. N. O. & T. R. R. Co.,* 71 Miss. 547, 14 So. 87; *R. R. Co.* v. *Smith,* 72 Miss. 677, 17 So. 78. But here is a municipality charged with this act. Will this fact serve to annul the rule so established? See 9 R. C. L., p. 684.

We submit, therefore, that appellant had the right to divert the flow of surface water as it sees fit so long as the waters are not cast upon the land of another. In the instant case there is *no pretense* that such was done. The waters flow upon the land of appellant, not upon appellee's. So we say that since appellee has founded his case upon the diversion of surface waters, the instruction to find for appellant should have been given.

But there is still another ground upon which this instruction should have been granted. The gravamen of appellee's suit is that this plan of drainage was improper and harmful; that the city was required to carry the surface water in the natural way.

We submit that the plan of drainage is not one which will render a municipality liable where damage is caused. The case of *Johnston* v. *District of Columbia,* 118 U. S. 19, 30 L. Ed. 75, is fairly conclusive of this general rule.

*Pack & Pack,* for appellee.

The issue in this case is whether or not there has been a damaging of appellee's property for public use. If there has been, the case must necessarily be affirmed. The undisputed proof is that the city of Laurel, in an effort to accommodate and relieve a number of citizens who were making complaint, diverted the natural flow of surface water from two or three streets and caused it to flow alongside appellee's property.

What was the result of this change to appellee? Instead of a *six or eight inch* ditch being sufficient to carry the water by his store, as formerly, there is now running within eight or ten feet of his store building and the entire length of his property, a ditch *four or five feet deep* and *six feet wide* and this ditch is being allowed by the city to wash out and constantly grow larger.

This condition, according to appellee and practically every witness who appeared in the case, has caused the market value of appellee's property to decrease greatly,

and has rendered his store practically inaccessible from one side.

It is urged by learned counsel for appellant that this water does not actually flow *on or over* appellee's land. But this is not the criterion. It might have been prior to the adoption of the state Constitution of 1890; but since the adoption of that Constitution, it is not necessary that the property of a private citizen be actually used or appropriated before he is entitled to compensation. See *City of Vicksburg* v. *Herman,* 72 Miss. 211, 16 So. 434; *City of Jackson* v. *Williams,* 92 Miss. 301, 46 So. 551; *Slaughter* v. *Meridian Light & Ry. Co.,* 95 Miss. 251, 48 So. 6; *Warren County* v. *Rand,* 88 Miss. 395, 40 So. 481; *Robinson* v. *City of Vicksburg,* 99 Miss. 439, 54 So. 858; *Funderburk* v. *City of Columbus,* 117 Miss. 173, 78 So. 1; *Y. & M. V. R. Co.* v. *Leopoldt,* 87 Miss. 317, 39 So. 459; *Brahan* v. *Meridian Telephone Co.,* 97 Miss. 326, 52 So. 485.

Under the principles announced in the cases above, how can it be denied that appellee is entitled to compensation? The question in all such cases is whether or not the property of the citizen has been damaged for public use; and if so, he is entitled to compensation, whether the damage be caused by changing the grade of the street, erecting barricades or digging a ditch. What difference is there in principle between erecting barricades as was done in the Funderburk case, thus interfering with the accessibility of the building, and digging a ditch which produces the same result? In each instance the property owner has been damaged and in each he is entitled to compensation at the hands of the municipality which saw fit to damage his property for public use.

The authorities relied upon by the appellant are, we submit, not in point because they deal merely with the relative rights of *adjoining landowners* and not with the right of a municipality to divert surface waters for the benefit of the general public at the expense of one private citizen.

*Welch & Cooper,* in reply, for appellant.

Appellee's brief is devoted solely to the argument that appellant has taken appellee's property by the construction of the ditch. No mention is now made of the theory upon which the case was tried below; viz: the diversion of the natural flow of surface water. They now say that the digging of the ditch is the taking or the damaging of appellee's property and that because of this section 17, Constitution of 1890, warrants the judgment. That appellee relied on diversion of surface water in the court below is shown by the instructions.

Appellee cites many cases in support of the proposition that section 17, Constitution of 1890, requires payment when the property is damaged for public use. We take no issue with the cases cited. They were correctly decided. Each case cited except one, however, bears upon a change of grade in a street. *None bears upon the enlargement of a ditch wholly in the street,* ten feet away from the property and cut to carry off surface water, as in the case at bar.

The ditch here in question is simply a ditch that has been cut deeper. It was originally from six to eight inches deep. It was cut deeper, and it was cut deeper simply because the necessary construction of the streets worked a diversion of the flow of the surface water. When one buys a lot or piece of property, he knows that it will have to be drained. He buys it with the knowledge that ditches will have to be cut. If any damage is done his property, it is not such as in law he may recover for.

Section 5835, Hemingway's Code (section 3338, Code of 1906) gives to the city full jurisdiction of *streets, sidewalks, sewers, and parks.* It authorizes the same jurisdiction to construct, repair and maintain them. See *Hazlehurst* v. *Mays,* 36 So. 33, 84 Miss. 7. Here the court said that a municipality has the power without compensating abutting owners to place equipment in the street which is *necessary, convenient or incidental to the*

*full use and enjoyment* of the same. See, also *Gulf Coast Co.* v. *Bowers,* 32 So. 113, 80 Miss. 570.

Drains for surface water are within the contemplation of the person owning abutting property. The whole matter of drainage is within the condemnation or dedication purpose.

Argued orally by *Ellis B. Cooper,* for appellant.

COOK, J., delivered the opinion of the court.

The appellee instituted suit in the circuit court against the city of Laurel seeking to recover damages for an alleged injury to a lot owned by him and on which is located a storehouse, and from a judgment for the appellee for two hundred dollars this appeal was prosecuted.

The declaration alleges:

That the appellee is the owner of a lot situated on the corner of Eleventh avenue and Washington street, on which is located a storehouse; that prior to the opening of said streets the natural drainage from the high ground to the north and west of said property flowed in a southwestward course; that the appellant has cut ditches and made drains along said streets so as to divert the flow of water and drainage from its natural course, and has "caused all of the water to the north and west of said property for several hundred yards to pass down said Eleventh and Twelfth avenues into Washington street, and has turned and diverted said water down said Washington street to the east and alongside of plaintiff's said property; that in front of said storehouse and lot the defendant has cut a ditch across Eleventh avenue, and thence on the east of said Washington street, and that said ditch, as it runs eastward alongside of said property, traverses sloping ground and is rapidly washing out a gully alongside of plaintiff's property, to the very great damage and injury of the same."

The declaration further averred:

"That in collecting and diverting said water the defendant has caused the same to pond and puddle in front of said store building at long intervals of time, becoming impure and greatly detracting from the value of plaintiff's property, and as said water is made to flow down said incline on Washington street, his lot is not only being damaged by the washing out of said ditch or gully, but the same is being damaged by erosion and caving in of his lot.''

It appears from the testimony that Washington street and Eleventh avenue cross at right angles, Washington street running east and west, while Eleventh avenue runs north and south, and the appellee's property lies at the northeast corner of the intersection and faces west. Before the improvement of these streets and the opening of the ditch complained of, the natural drainage of surface water on Eleventh avenue was in a southwesterly direction across that street and along the western side thereof, and then westward or southwestward along Washington street from the intersection of Washington street and Eleventh avenue. There was a small curb ditch or gutter about eight inches deep running east from Eleventh avenue along the north side of Washington street. The surface water tended to pond at the intersection of Eleventh avenue and Washington street, and to spread over land to the west and southwest, and to relieve this condition and afford better drainage for this territory the city deepened and enlarged the small curb ditch which ran east along the north side of Washington street, thereby causing this surface water to run east on Washington street. There was a sidewalk space of about ten feet between this ditch and the southern boundary line of appellee's property. This ditch was about three and a half feet deep at the deepest point, and in order to provide free access to the side and rear of appellee's property from Washington street it would be necessary to bridg this ditch.

While the contest in the court below largely revolved around the right of the city to divert the natural flow and drainage of surface water, the only contention made by appellee in this court is, that in constructing this ditch and causing the surface water to flow along the street south of his property, the city thereby damaged his property for public use in violation of section 17 of the Constitution, which provides that:

"Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law."

Section 3338, Code of 1906 (section 5835, Hemingway's Code), gives to the city "full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open and lay out and construct the same; to repair, maintain, pave, sprinkle, adorn, and light the same." The construction, maintenance, paving and repair of streets necessarily obstructs and diverts the natural drainage of surface water. The city is charged with the duty of constructing and properly maintaining its streets, and the right to provide thereon all such drains and ditches as may be necessary and convenient for the purpose of carrying off the surface water that may be collected thereon as a result of proper construction and maintenance thereof is necessarily incident to the proper discharge of this duty. While the city would be liable for the consequential damages inflicted upon abutting property by an improper or negligent use of the street in providing drains or ditches, still the streets may be devoted to any proper use incident to the construction and maintenance of the public thoroughfare. Such use is not a new or additional taking for public use, and the adjacent owner must suffer the injury or inconvenience resulting from such use. In discussing this question in the case of *Hazlehurst* v. *Mayes,* 84 Miss. 7, 36 So. 33, 64 L. R. A. 805, the court said:

"For any diversion from the original purpose, for any additional servitude imposed by an equipment foreign to its use, for any new or additional taking for public use, or for consequential damages inflicted by an improper use, the abutting owner is entitled to full compensation, because such rights are not presumed to have been acquired by the original taking. But, as the public use is the dominant and controlling interest, the streets may be devoted to any proper use incident to a public thoroughfare, and the adjacent owner must suffer the resulting injury or inconvenience. So that the authorities of a municipality may, when its charter powers permit, on its streets dig drains, lay gas pipes or water mains, construct sewers, or erect posts and wires for lights, because such things and other incidental uses are within the contemplated scope of the dedication of the highways to the public use. Briefly stated, the municipality has the power to make such legitimate use of the highway as is for the benefit of the community at large, and may, without additional compensation to the abutting owner, place any equipments or appliances in the streets which are necessary, convenient, or incidental to their full use and enjoyment as such."

In the case at bar the testimony does not show that the drain in question was not necessary and convenient for the proper construction, use, drainage, and maintenance of the streets serving the territory, and negligence in providing and maintaining the ditch is neither charged nor proven. Consequently, we think the peremptory instruction requested by the appellant should have been granted.

The judgment of the court below will therefore be reversed, and judgment entered here for the appellant.

*Reversed, and judgment for appellant.*