CITY OF WATER VALLEY *v.* POTEETE *et al.*

(In Banc. February 9, 1948. Suggestion of Error Overruled March 22, 1948.)

[33 So. (2d) 794. No. 36664.]

Kermit R. Cofer, of Water Valley, and Creekmore & Creekmore, of Jackson, for appellant.

John Horan, of Water Valley, and James Stone & Sons, of Oxford, for appellees.

384

Argued orally by **Kermit R. Cofer** and **H. H. Creekmore**, for appellant, and by **John Horan**, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellees are the owners of residence lots abutting on Eckford Street in appellant city. About four years prior to the institution of this suit, appellees had constructed a valuable residence on said lots, the location being such 'that the foundation of the residence was situated above the level of the grade of Eckford Street as then estab-

lished, and was wholly free from damage or danger of damage by surface waters from said street. Three years later, according to the allegations of the bill, the city so changed the grades of said street as to cast large quantities of rain water upon appellees' residence lot and into the basement of the residence on every occasion of any hard rain, greatly to the damage of appellees' property.

Appellees by their bill in equity prayed that the court grant a mandatory injunction by which the city would be commanded to alter the work done by the city on said street so as to prevent the casting of the waters from said street upon appellees' residence lot. After citation, a preliminary hearing on the application for the injunction was had and the injunction was granted. Within the time allowed to answer, the city demurred to the bill on the ground that it presented no case for interference by a court of equity, but, at most, a cause of action at law for damages. A motion to dissolve the injunction was later presented, but both the demurrer and the motion to dissolve were overruled.

That the municipality is liable to an abutting property owner who had made valuable improvements according to the prior established grade of the street, when the municipality raises or lowers the grade to the damage of the property owner, was settled in this state in Vicksburg v. Herman, 72 Miss. 211, 16 So. 434, and is not now open to further debate, this by virtue of Section 17, Constitution 1890, that "private property shall not be taken or damaged . . . except on due compensation . . . to the owner or owners thereof . . ."

The precise question here presented is the further inquiry whether an abutting property owner may enjoin the raising or lowering of the street on the showing that it will injure his property, or may he have the change eliminated or the original grade restored, or may he have a reworking of the reconstruction in a manner to avoid the alleged damage, all by an injunction.

That question must be answered, we think, in the negative. By Sections 3420 and 3421, Code 1942, full jurisdiction over streets and for their construction and reconstruction is vested in the municipality. Such a power and the exercise thereof is in the interest of the public at large,—a power exercised by the state itself through its authorized subordinate agent to which the interest of any particular private owner must yield save as he is protected by the constitutional provision above mentioned, and that provision goes no further than to give him damages for any consequent injury he may sustain as an individual.

As pointed out in Vicksburg v. Herman, supra, unless his property or a part thereof was actually taken, the abutting property owner was entirely without redress or remedy, however much the public work may have damaged him, until the adoption of Section 17, Constitution 1890, which, for the first time, included the words ''or damaged''. The abutting owner is by that section given his damages, but it does not have the effect to confer upon him the right through the courts to interfere with the authority vested in the municipality to construct or reconstruct its streets as in the judgment of the municipal authorities is necessary or proper in the public interest.

The injunction should not have been issued, and an order for its dissolution will be made here. The bill states a cause of action for damages in a court of law, and, therefore, the chancery court is hereby directed to order the transfer of the case to the circuit court of the second judicial district of Yalobusha County.

Reversed and remanded.