CITY OF JACKSON *v.* COOK, et al.

May 5, 1952.

No. 38354 (58 So. (2d) 498)

202

E. W. Stennett, and Satterfield, Ewing, Williams & Shell, for appellant.

204

**Pyles** and **Tucker,** for appellees.

Roberds, P. J.

Appellees, as plaintiffs, sued the City of Jackson, as defendant, for damages to a lot, and the improvements thereon, resulting from the flooding thereof by the City in draining water from Glendale Street. From a verdict and judgment for plaintiffs in the sum of $1,875 the defendant-City appeals.

The declaration, in one count, alleged the City, by such flooding, damaged the property of plaintiffs for public use, and was liable for the damage under Section 17 of the Constitution of Mississippi, and also that such damage was the result of negligence on the part of the City. The City made a motion to require plaintiffs to elect upon which ground of action they would rely. The lower court overruled the motion. Appellant says that was reversible error. It relies upon Illinois Cent. Ry. Co. v. Abrams, 84 Miss. 456, 36 So. 542; Thompson v. City of Philadelphia, 180 Miss. 190, 177 So. 39, and City of Meridian v. Peavy, 188 Miss. 168, 194 So. 595.

In the Abrams case the declaration, in one count, grounded the action upon an unsafe place to work and negligence of a fellow servant. The Court also remarked that the allegations were vague and indefinite. As to the two stated grounds the court said they constituted ''antagonistic causes of action under this peculiar declaration'', [84 Miss. 456, 36 So. 543] and indicated the grounds should have been stated in two counts instead of one. However, no motion to elect was involved in that case.

In the Thompson case plaintiff sought damage for "improper" disposal of sewage over his land—in other words, the declaration charged negligence. The City obtained an instruction that no verdict could be returned against it unless the jury believed the damage was the result of negligence. This Court held that was error, saying if plaintiff suffered special damage for public use the jury should return a verdict for plaintiff whether such damage was the result of negligence or not. Motion to elect was not involved:

In the Peavy case the declaration alleged damage resulting from negligent construction of a culvert by the city. The Court granted plaintiff an instruction telling the jury it should find for plaintiff unless it believed the damage was the result of an unprecedented flood—in other words, an act of God. This took from the jury the question of negligence, the evidence as to which was in conflict, and was reversible error. No motion to elect was involved. We do not think these cases sustain the contention of appellant.

On the other hand, Section 1464, Miss. Code 1942, requires only that "The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different." Section 17 requires payment for damage to private property taken for public use whether such damage be the result of negligence or not. "* * * liability does not depend on improper construction and maintenance", and if the action be grounded in negligence recovery can be had if there be damage without negligence. Thompson v. City, supra [180 Miss. 190, 177 So. 40]. The two grounds are not antagonistic, or even inconsistent. The negligence charge is simply an enlargement of the charge of damage without negligence. Neg-

ligent damage is more comprehensive than damage without negligence. The main object of a declaration is to inform defendant the charges he must meet. That was done here. It alleged plaintiffs owned and occupied as a home a lot and residence thereon facing south on Idlewild Street; that one block to the north thereof is located Glendale Street; these streets run east and west and parallel each other; that in 1948 the City paved Glendale Street, which theretofore was covered with gravel; that this change greatly accelerated the water on that street; that the City also placed curbs and gutters therein; that, to take the water from the street, it installed a storm sewer 24 inches in diameter, running from said street south some 135 feet across private property, at which point it discharged the water upon surface ground, where there was no outlet therefor, some fifty feet northeast of said property of plaintiffs, thereby causing great quantities of water to flow upon and across the residence property of appellees, inflicting upon them much damage. These are the acts alleged in both charges—in the one under Section 17 of the Constitution, they are not designated as negligence (although, if proved, they would show negligence), while in the other it is alleged they constitute negligence. The proof of both parties was directed to these charges. We think the recent case of City of Meridian v. Sullivan, 209 Miss. 61, 45 So (2d) 851, settles the question against the contention of appellant. There the declaration charged that the City had (1) broken a large hole in the top of plaintiff's culvert and also had (2) failed to keep its own culverts free of obstructions, and had (3) changed the course of a natural drain which crossed plaintiff's property, thereby flooding her property, causing her large damage. Defendant moved the court to require plaintiff to elect upon which of said three grounds she would rely for recovery, or dismiss her action. The motion was refused, and this Court held that action was not error. It may be in the

case at bar defendant was entitled to have the ground of action set out in two counts, but that question is not before us, and we express no opinion upon it.

Appellant next says it was entitled to a peremptory instruction. This was requested and refused. It is first urged, in support of the motion, that the proof failed to establish certain facts essential to liability. One was whether or not the pipe emptied its water into a natural drain. The City contends it did do that. Plaintiffs say it did not. On that question it is not disputed the storm sewer did not empty into any other sewer or pipe; it ended and emptied its water on the ground a short distance northeast of the lot of appellees. The testimony of some of the witnesses for the City tended to show that the pipe emptied its water into a ditch, but it is rather vague as to whether the ditch was large enough to carry the water, or whether the ditch was there at the beginning or was made by water coming through the sewer. Mr. and Mrs. Cook and Mrs. Shands, who resided on a lot near that of the Cooks, testified positively that when the storm pipe was installed there was no ditch; that it did not empty into any ditch whatever; that it emptied onto level ground. That was a question of fact for the jury. Appellant says plaintiffs failed to show that the installed pipe caused any additional water to flow over the property of plaintiffs. It argues that the terrain on all sides of the Cook property is higher than that property, and that before installation of the storm sewer water flowed across that lot. We think the testimony does establish that the surrounding property was higher than the Cook lot. However, Cook and his wife and others testified that before installation of the pipe in 1948 some water came across the Cook lot in a "diffused" state, but after such installation "torrents" of water came across the lot directly from the mouth of the storm sewer. For instance, Mr. Cook testified "I had no trouble at all until the pipe was put in and left open

* * *. After they installed this pipe up there I got torrents of water''. Indeed, there are pictures before us showing the water coming across the Cook lot in great volume. Cook's witnesses say it came from the pipe. In this connection, it is shown that some of the adjoining property owners filled in their lots, and the City argues that this caused the overflow of the Cook lot. The testimony on the part of plaintiffs denies that. It is undisputed the Cooks complained a number of times to the City authorities about this situation. Whether the water from the storm pipe flooded the Cook lot and the extent thereof were questions for the jury.

Appellant also urges in an able brief that the City had the legal right to alter and change and drain Glendale Street, and the consequential damages to private property owners resulting therefrom were burdens they had to bear without legal complaint. It relies upon City of Laurel v. Hearn, 143 Miss. 201, 108 So. 491. The report of that case is not very clear but we gather that the factual situation there is materially different from that in this case. There the ditch which the City enlarged was entirely within the street and the enlargement was made to relieve a ponding and unsanitary condition existing before the ditch was enlarged. ██ █ In the case at bar the flow of water on Glendale Street was greatly accelerated by the paving of that street. The City did not confine its means of dispersing the water to acts done upon or along the street. It gathered this water into a 24 inch storm pipe, laid the pipe across private property some one hundred and thirty-five feet south of that street and then, according to the finding of the jury, discharged it upon open, level ground in a great quantity and force within about fifty feet of the property of plaintiffs, whence it passed over said property, as witnesses said, in ''torrents''. Another vital distinction between the Hearn case and this case is that throughout the opinion therein the Court conditioned nonliability of the City upon a ''prop-

er'' construction of the means of controlling the water. In the case at bar it is an admitted fact, as is also clearly shown by photographs, the water was emptied from this pipe onto the ground, not into another storm pipe, the City claiming it was into an existing ditch, the plaintiffs denying that. Certainly if the disposal of the water was as claimed by plaintiffs such disposal was improper and negligent.

We think this case, on the question under consideration, is governed by the principles set out in Thompson v. Philadelphia, supra, and the City of Water Valley v. Poteete, 203 Miss. 382, 33 So. (2d) 794. In those cases it was announced that while municipalities have the right to alter, change, construct and reconstruct its streets, and individual litigants have no right to control their action, yet if in so doing private property is damaged the City is liable for such damage under Section 17 of the Mississippi Constitution. Further, the case at bar, as to the question of peremptory instruction, is governed by the facts and the principles contained and announced in City of Jackson v. Robertson, 208 Miss. 422, 44 So. (2d) 523. There the City gathered into a storm sewer a part of the water from its streets in a newly built-up area of some thirteen acres, and, in that concentrated form, discharged the water through a thirty inch pipe upon the real property of plaintiff, without sufficient outlet upon or beyond such property to carry away the water, thereby causing it to flood and pond upon the property of plaintiff. This Court sustained a jury finding that the City had no right to do that.

We are of opinion the peremptory instruction was correctly refused in this case.

 The trial court granted plaintiffs this instruction:

"The court instructs the jury for the plaintiffs that the form of your verdict may be:

"We, the jury, find for plaintiffs and assess their damages at the sum of $————.''

Appellant says this instruction took from the jury "the necessary incidence that they must find for the plaintiffs before they can arrive at an assessment of damages''. We think the criticism hypercritical. We must assume the jurors were men of ordinary intelligence and we cannot conceive that such men would understand they were to return this verdict unless they found that plaintiffs were entitled to recover. The jurors could not have been misled, especially in view of the fact defendant obtained a number of instructions imposing upon the jury the duty to adjudicate certain facts before it could return a verdict against the City.

Plaintiffs were granted the following instruction: "The court instructs the jury for the plaintiff that if you find from a preponderance of the evidence that the plaintiffs have suffered damage as the direct and proximate result of wrongful acts of the defendant, the City of Jackson, if any, you may consider the following as the measure of such damage''; and it then sets out the items of damage which may be considered. Appellant says this instruction left the gate wide open; that the jury could find for plaintiffs if they believed the City guilty of any "wrongful act''. The criticism is justified but we do not think the granting of the instruction in that form is reversible error. The entire case, on both sides, so far as the acts of the City were concerned, was grounded upon the City's concentrating this water into a storm sewer and discharging it upon open ground, with no way for it to get away except to go across and flood the lot of plaintiffs. Really, in the last analysis, the case narrowed, as a question of fact, to whether the storm pipe emptied into a drainage ditch capable of carrying the water away, or emptied it upon surface ground with no outlet other than to flood the property of plaintiffs. The other instructions, on both sides, submit these questions to the jury. The instruction under con-

sideration, in respect to the objection thereto, could not, and did not, in our opinion, mislead the jury into considering some outside ''wrongful'' act not involved within the pleadings and the proof.

Plaintiffs were granted the following instruction: ''The court instructs the jury for the plaintiff that it is the law of the State ██ ██ that private property shall not be damaged for public use without compensation; and if you believe from a preponderance of the evidence that the damages, if any, sustained by the private property of the plaintiffs, is a direct result of acts of the defendant, City of Jackson, made and done for the public use and benefit, then you shall find for the plaintiffs and assess the amount of their damages, if any, against the defendant.'' Appellant says that was a peremptory instruction for plaintiffs. It is if the jury believed the assumed facts therein set out, but the legal principle therein announced is correct under the Thompson and Poteete cases, supra.

██ ██ Plaintiffs were granted this instruction: ''The court instructs the jury for the plaintiffs that if you believe from a preponderance of the evidence that the 24 inch storm sewer constructed by the City was the sole proximate cause of damage, if any, resulting to plaintiffs' property, then it shall be your duty to return a verdict for the plaintiffs.'' The instruction, of course, should have conditioned the verdict on the finding that the act of the City was for public use. However, there is no dispute that the City was undertaking to drain Glendale Street, an act done for the public benefit. This instruction is directed to the question whether the damage to plaintiffs' property resulted from water flowing from adjoining high ground or from water concentrated in and discharged from the storm sewer, and we have said the jury was justified in finding, as it evidently did, that such damaging water came from the pipe.

██ ██ Appellant complains at the refusal of the court to grant to it six other instructions. We have carefully examined all of them and weighed the result of the

refusal of the court to grant them. Some of them announce correct theoretical principles of law; some are not applicable under the facts of this case and some do not correctly state the law. In the light of the instructions which were granted plaintiffs and defendant we think the issues made by the pleadings were fairly submitted to the jury, and refusal to grant the six instructions of which complaint is made, could not have had any effect upon the result of the trial, and that such refusal is not reversible error.

Affirmed.

**Alexander, Hall, Kyle** and **Holmes, JJ.**, concur.