240 So.2d 63 (1970)
M.O. PIGOTT, and Wife, Gustave Pigott
v.
The BOEING COMPANY.
No. 45882.
Supreme Court of Mississippi.
October 5, 1970.
Smith, Smith & Tate, Poplarville and Picayune, for appellants.
Daniel, Coker, Horton & Bell, John B. Clark, Jackson, for appellee.
GILLESPIE, Presiding Justice.
The plaintiffs, M.O. Pigott and his wife, sued the Boeing Company in the Circuit Court of Pearl River County for damages alleged to have been caused to plaintiffs' residence from concussions and vibrations to home of landowners from concussions when defendant tested the Saturn Booster Rocket at the National Aeronautics and Space Administration (NASA) test site in Hancock County, Mississippi.
The trial court heard Boeing's affirmative defenses pursuant to Mississippi Code 1942 Annotated, Section 1475.5 (1956) and dismissed the suit. Plaintiffs appealed.
Boeing test-fired the booster stage of the Saturn rocket under a contract with NASA, an agency of the United States Government, created by Act of Congress to research the problems of space flight and related matters which Congress declared to be necessary for the general welfare and security of the United States. A large area of land in Hancock County, Mississippi, was acquired in fee by NASA and easements were acquired on an additional buffer zone area. NASA constructed all the facilities for the transportation of the rockets to the test site and all test site facilities. The rocket was made elsewhere *64 and transported by NASA to the test site.
Boeing contracted with NASA to manufacture the booster stage of the Saturn Rocket and test it, furnishing the necessary technical knowledge. The rocket's five engines developed 7,500,000 pounds of thrust. The house of plaintiffs is located just outside the buffer zone. We assume for purposes of this opinion that the concussion, vibrations and sound waves damaged plaintiffs' residence.
The declaration stated as a conclusion that Boeing was negligent in test firing the booster rocket, but it does not state any fact constituting negligence. It is not sufficient to allege negligence as a mere conclusion of the pleader, but facts must be pleaded showing actionable negligence, King v. Mississippi Power & Light Co., 244 Miss. 486, 142 So.2d 222 (1962).
The decisive question, one of several affirmative defenses raised by Boeing, is whether a contractor engaged in performing a lawfully authorized public function of the United States Government in accordance with a public contract is liable for damages to private property in the absence of the contractor's negligence.
In our opinion this question is answered by Curtis v. Mississippi State Highway Comm'n and Continental, Inc., 195 So.2d 497 (Miss. 1967). The Court held that the contractor was not liable for damages resulting from the contractor's execution of the work of constructing a highway in accordance with the plans and specifications and under the direction of the state highway engineers if such improvement was made without negligence. The landowner's remedy, if any, is against the public agency having the work done. In the absence of negligence on the part of Boeing, the plaintiffs' remedy, if any, for damages suffered to their property is against the United States. We do not reach the question of the liability of the United States or whether, if the United States is immune from suit, Boeing can claim such immunity. We rest our decision on the proposition that a contractor lawfully acting in behalf of the United States in performing a lawful public function without negligence is not liable for consequential damages resulting therefrom. Mississippi Constitution § 17 (1890), provides that private property shall not be taken or damaged for public use, except on due compensation being first made to the owner in a manner to be prescribed by law. The liability thus imposed on the public agency is not based on tort, Stephens v. Beaver Dam Drainage District, 123 Miss. 884, 86 So. 641 (1920). Such liability is based upon the public agency's obligation to compensate for the damages resulting from the rightful exercise of its power, as stated in Curtis v. Mississippi State Highway Dept., supra. Neither the constitution nor the laws of this state impose liability on a contractor who performs a lawful public function without negligence.
The evidence adduced on the hearing of Boeing's affirmative defenses established that Boeing was a public contractor, and in testing the rocket Boeing acted in accordance with its contract under the direction of NASA. As already noted, Boeing was not charged with any fact which would constitute negligence, nor was there any proof of negligence.
We are therefore of the opinion that the judgment of dismissal should be affirmed.
Affirmed.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.