HARPER, Justice:
This case comes on appeal from the Chancery Court of Pike County where the chancellor granted a mandatory injunction and assessed damages against the City of McComb for the diversion of surface waters onto the property of the appellees. The City of McComb has assigned seven errors which, for the purpose of this opinion, may be consolidated into two assignments of error: (1) That the chancellor’s opinion is against the overwhelming weight of the evidence, and (2) That the City is subject to neither a mandatory injunction nor the resultant damages in this case.
The undisputed facts in this case are as follows: The City of McComb extended its city limits and acquired an area around the McComb airport. On a portion of the property acquired, the City constructed a hospital and in connection with such construction, the City changed an old gravel road named Old Airport Road into a hard surface paved street named Robin Street, said road running in an east-west direction until it turned in a southerly direction. In addition the City opened a new street named Marion Avenue which intersects Robin Street.
Prior to the reconstruction of Robin Street, the drainage from the area south of Robin Street had been to the west along the south side of Robin Street in a ditch or gully. The drainage continued west across the old road, where the road turned south, and continued west and drained into a *914 drainage ditch under the interstate highway.
When the City constructed Marion Avenue and reconstructed Robin Street, it placed storm sewers which drained under Marion Avenue to the south side of Robin Street and drained from the north side of Robin Street to the south side, just west of Marion Avenue. The drainage was to the west on the south side of Robin Street and then it drained back under Robin Street onto the north side where the property of appellees is situated. The City provided no further escape for the surface drainage, and, as a result, the entire drainage for the area in question now runs in a northwesterly direction across the lands of appellees. There it has caused some erosion, has piled up considerable debris, silt, sand and gravel, and has damaged or destroyed a fishing pond contained on the property of appel-lees.
The City owns the property south of Robin Street and in the spring of 1969 graded this land which had theretofore been eroded with ditches and gullies. This raised the level of a portion of the City property above the street level which lies to the south of the home of the appellee, L. W. Rodgers.
To collect and drain the surface waters from the area south of Robin Street, the City installed underground sewers from a point on the east end of the property along the south side of Robin Street to a point opposite a low area on the land of appellees, diverted or turned the water north and discharged the collected uncontrolled waters upon the appellees. Although the City constructed curbs and gutters on the south side of Robin Street on the property owned by the City, no curbs or gutters were constructed on the north side of Robin Street adjacent to the property of appellees. - The chancellor found, and properly so, that due consideration was not given to the rights of the ap-pellees by the appellant City and that the appellees should not be subjected to more surface water from the area in question than they had been subjected to during the period from 1955 to the spring of 1969. The chancellor further found that the ap-pellees were entitled to a mandatory injunction requiring the city to adopt some method to prevent the flooding of appel-lees’ property. We concur. While some of the testimony is in conflict, the decision of the chancellor on the findings of fact will not be disturbed on appeal unless manifestly wrong. Laher Spring & Electric Car Corp. v. Breckenridge, 221 So.2d 718 (Miss.1969). The findings of fact by the chancellor are amply supported by the record.
The other main assignments of error were that the City is not subject to a mandatory injunction and is not liable for damages occasioned by the reconstruction of Old Airport Road.
The City in support of its position has cited, among others, the case of City of Laurel v. Hearn, 143 Miss. 201, 108 So. 491 (1926) and the case of the City of Water Valley v. Poteete, 203 Miss. 382, 33 So.2d 794 (1948); suggestion of error overruled, 203 Miss. 382 (1948).
There is no question as to the jurisdiction granted the City over streets for their construction and reconstruction. Miss. Code 1942 Ann. § 3374-129 (1956); Miss. Code 1942 Ann. § 3374-128 (Supp.1970). The City of Laurel v. Hearn Case, supra, may be distinguished from the case at bar in that in the Hearn case the testimony did not show that the drain in question was not necessary and convenient for the proper construction, use, drainage and maintenance of the street serving the territory; and negligence in providing and maintaining the ditch was neither charged nor proven. In the instant case, the proof is overwhelming that the City of McComb changed the drainage on the south side of Robin Street and drained an additional area of surface water onto appellees’ property. This property had not been subjected to such surface waters since the year 1955. *915 This coupled with the other undisputed facts in this record clearly discloses that the City, over the protest of the appellees, diverted and changed the drainage on the south side of Robin Street which had theretofore been to the west, at least from the year 1955 to the spring of 1969. The chancellor held that the appellant was required to adopt some method to prevent the flooding of the property of appellees. The injunction in this case required a solution to the problem but did not specify what the action must be and is supported by the case of the City of Jackson v. Robertson, 208 Miss. 422, 44 So.2d 523 (1950).
In the case of the City of Water Valley v. Poteete, supra, the City had raised the level of the street. This resulted in placing the land of the complainants lower than the street. In that case this Court said that the complainants were entitled to legal damages hut no injunctive relief. The injunctive relief that complainants sought was to force the City to lower the level of its street. The instant case is clearly distinguishable from the Poteete case, supra, in that, no demand is made to require the City to reconstruct the street. The present injunction simply requires the City to take the necessary steps to prevent the flooding of appellees’ property.
In the case of Stigall v. Sharkey County, 213 Miss. 798, 57 So.2d 146 (1952); on suggestion of error, 213 Miss. 798, 58 So. 2d 5 (1952), the landowner’s ditch was completely filled in and the flow in the drainage canal across his land was slowed by the placing of small culverts instead of an open bridge. This Court held in that case that the landowner was entitled to relief in damages and to equitable relief. The damages to be assessed were actual crop losses, and the before and after valuation rule was to be applied for the ascertainment of permanent damage.
All of the cases clearly hold that the City has the duty to maintain and reconstruct streets when it determines that it is necessary, and the City has the right to redirect drainage. However, these cases also hold that the City, having such right and duty, does not have the right to inundate otherwise dry property. The record in this case clearly discloses that the City, while constructing curbs and gutters on the south side of Robin Street adjacent to the property of the City, made no effort to construct any sort of drainage along the north side of Robin Street and on the contrary diverted surface waters from a large area onto appellees’ property over the protest of appellees. The decree of the chancellor is therefore affirmed.
Affirmed and remanded for the enforcement of the Chancery Court’s decree.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.