LEE, Justice,
for the Court:
Guy M. Walker filed suit in the Circuit Court of Jones County against the City of. Laurel, Laurel Urban Renewal Agency, Reeves Construction Company and Bush Construction Company for damages alleged to have been sustained to Walker’s office building from vibrations to the structure when a sidewalk adjoining the building was demolished in the course of work on an urban renewal project in Laurel. At the conclusion of the plaintiff’s case, Reeves Construction Company was granted a directed verdict and at the conclusion of all the evidence, the court sustained the motion of City of Laurel and Laurel Urban Renewal Agency for a directed verdict. The plaintiff nonsuited as to Bush Construction Company and has appealed the judgment here.
The question before the Court is whether or not the trial court erred in granting a directed verdict in favor of the City of Laurel and Laurel Urban Renewal Agency.
The parties admit that Laurel Urban Renewal Agency is an agency of the City of Laurel and that certain street construction work was being performed by Bush Construction Company, subcontractor of Reeves Construction Company, on behalf of said city and agency. Under the construction contract, Bush was engaged in demolishing a sidewalk adjoining the office building of appellant. The declaration charged, and the proof for plaintiff indicated, although it was in conflict with that offered by appel-lees, that Bush broke up and removed a concrete walk along the front of appellant’s building to a point within eighteen (18) inches of the building by dropping the weight of a front end loader upon the concrete. The weight and the force of the loader, as charged and testified to by plaintiff and his witnesses, caused the building to vibrate, strain and crack, and the building was damaged as a result. Appellees’ *150 evidence was to the effect that the building had been in a bad state of repair for a long period of time, that the cracks in the building were old cracks and that there was no causal connection between the work done by Bush and the condition of the building afterwards.
Appellant relies upon Section 17, Miss. Const.1890, for his claim. The section provides that private property shall not be taken or damaged for public use without due compensation being paid. He bases his claim, not on negligence of the appellees or the contractors involved, but on the proposition that the construction work of Bush damaged the building and that he was entitled to compensation from the City of Laurel for the amount of that damage.
In Pigott v. Boeing Company, 240 So.2d 63 (Miss.1970), suit was brought by Pigott for damages alleged to have been caused by Boeing from vibrations resulting when Boeing tested a booster rocket, under a contract with the United' States government. While not reaching the question of liability of the United States, this Court said:
“In our opinion this question is answered by Curtis v. Mississippi State Highway Comm’n and Continental, Inc., 195 So.2d 497 (Miss.1967). The Court held that the contractor was not liable for damages resulting from the contractor’s execution of the work of constructing a highway in accordance with the plans and specifications and under the direction of the state highway engineers if such improvement was made without negligence. The landowner’s remedy, if any, is against the public agency having the work done. In the absence of negligence on the part of Boeing, the plaintiffs’ remedy, if any, for damages suffered to their property is against the United States.” 240 So.2d at 64.
In City of Jackson v. Cook, 214 Miss. 201, 58 So.2d 498 (1952), the appellees sued the City of Jackson for damages to a lot and improvements thereon resulting from flooding same when the City drained water off one of its streets and discharged the water onto the property of appellees. The trial court refused a peremptory instruction for the City and judgment was entered upon a jury verdict for the appellees in the sum of eighteen hundred seventy-five dollars ($1,875.00). In holding that the peremptory instruction was correctly refused, the Court stated that the case was governed by the principles set forth in Thompson v. City of Philadelphia, 180 Miss. 190, 177 So. 39 (1937), and City of Water Valley v. Poteete, 203 Miss. 382, 33 So.2d 794 (1948), which cases, the Court said, announced that, while municipalities have the right to alter, change, construct and reconstruct its streets, and, therefore, litigants have no right to control their action, yet, if in so doing private property is damaged, the city is liable for such damage under Section 17, Miss.Const.1890.[1]
29A C.J.S. Eminent Domain § 195, at 854 (1965) recites the following general principle of law:
“The political entity or public agency or corporation causing the land to be condemned or the work to be done is primarily liable for injuries caused by the exercise of the power of eminent domain, although the work or taking is actually done by another, and this applies to property taken or injured by a county, city, or other political subdivision.” (Emphasis added)
In Williams v. Walley, 295 So.2d 286 (Miss.1974), a contractor damaged the leasehold of Walley while building a road for, and at the direction of, the board of supervisors. This Court held that the county was responsible for the damage sustained by Walley pursuant to Section 17, Miss.Const. 1890, which prohibits the taking or damaging of private property without just compensation.
*151 There was conflicting evidence in the case sub judice. The jury might have found that there was no causal connection between the alleged damage to the Walker building and the breaking up of the sidewalk. It may have found that there was causal connection and the damage was due to the negligence of Bush. On the other hand, it may have found that Bush was not negligent in the performance of its contract, that the building was damaged and that the City of Laurel should compensate appellant for that damage. The questions should have been submitted to the jury and the court erred in granting a peremptory instruction in favor of the City.
For the reasons stated, the judgment of the lower court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ„ and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

. City of Laurel v. Upton, 253 Miss. 380, 175 So.2d 621 (1965) is not authority for the present case, but the Court held that the City had a non-delegable duty to maintain its streets and sidewalks in a reasonably safe condition, and it is liable for the negligence of its independent contractor in making an excavation and leaving it in an unsafe condition.